UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLIFTON CURTIS ODIE,<br>a/k/a Big C, a/k/a Moe Money,<br><br>　　　　　Defendant. | 4:17-CR-40016-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

　　Defendant, Clifton Curtis Odie, moves for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i). Dockets 183, 188, 195. Plaintiff, the United States of America, opposes the motion. Docket 193. For the following reasons, the court denies defendant's motion for compassionate relief.

## BACKGROUND

　　Odie pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 91. The court sentenced Odie to 120 months in custody and 8 years of supervised release. Docket 175 at 2-3. Odie is eligible for home confinement on January 19, 2025, and his current anticipated release date is July 19, 2025. Docket 188 at 1; Docket 186 at 121-22.

　　Odie is incarcerated at the Federal Correctional Institution (FCI) Fort Dix. Docket 188 at 1. As of August 26, 2020, there are currently zero active COVID-19 cases among FCI Fort Dix's inmates and staff, and 37 inmates and 6 staff

have recovered from COVID-19. *See BOP: COVID-19 Update*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited on Aug. 26, 2020).

Odie is 45 years old. Docket 187 at 14. His chronic medical conditions include hypertension, obesity, and hyperthyroidism. *Id.* at 1, 14, 102; Docket 188 at 2; Docket 199 at 3. Odie has been treated for latent tuberculosis and recently underwent a surgery to remove a mass from under his arm. Docket 187 at 38, 52, 95-97.

On May 18, 2020, Odie sent an Inmate Request to the Warden of FCI Fort Dix, requesting that he be considered for an early release under the Compassionate Release Program. Docket 197 at 2. The Warden responded on May 22, 2020, determining that Odie did not meet the necessary conditions for compassionate release. *Id.* at 1. Odie filed a second request for compassionate release to the Warden on May 24, 2020. *Id.* at 4. This request was denied on May 30, 2020. *Id.* at 3.

Odie filed a pro se motion with the court for relief under the First Step Act. Docket 183. Odie's counsel subsequently filed a supplement to his pro se motion. Docket 188. On June 8, 2020, Odie filed an emergency motion to amend his motion for compassionate release. Docket 195.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C.

§ 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Odie argues that the "unprecedented and extraordinary risk posed by the global COVID-19 pandemic," together with his adverse health conditions, hypertension and obesity, satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 188 at 1. Odie requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. *Id.*

I. **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate

3

release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Odie first submitted a request for compassionate release to the warden of his BOP facility on May 18, 2020. Docket 197 at 2. The 30-day period expired on June 17, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Odie's motion is ripe for review on the merits.

## II. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through

4

(C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 comment note 1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr. 29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3

5

(D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Odie has failed to show that his medical conditions rise to extraordinary and compelling circumstances under the medical condition provision in U.S.S.G. § 1B1.13 comment note 1(A) or the catch-all provision in U.S.S.G. § 1B1.13 comment note 1(D).

First, Odie contends that his circumstances warrant relief under U.S.S.G. § 1B1.13 comment note 1(D). Docket 188 at 12. Odie argues that his medical conditions put him at high-risk of severe illness if he contracts COVID-19. *Id.* at 9-12. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state, obesity, serious heart conditions, sickle cell disease, diabetes, and asthma. *Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Aug. 14, 2020).

6

The court has reviewed the medical records submitted in this case. Odie's medical conditions include obesity and hypertension. Docket 187 at 1, 34, 102. While these conditions may put Odie at a higher risk of serious illness if he contracts COVID-19, there is no evidence in the record to suggest he has not been able to manage these conditions while in the prison environment. *See* Docket 188 at 9 (admitting Odie self-manages his hypertension through medication); *see also United States v. Mills*, 2020 WL 4589935, at *1 (E.D. Ark. Aug. 10, 2020) (finding 45-year defendant's medical conditions, which included obesity and hypertension, were not extraordinary and compelling reasons); *United States v. Fry*, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (holding that to merit compassionate release, inmate "must show more than a mere speculation of the possibility of contracting the virus."). Thus, the court finds that Odie does not satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(D).

Second, Odie argues that he also meets the criteria of extraordinary and compelling reasons under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A). Docket 188 at 12. As discussed above, the medical records show that Odie has at least two severe medical conditions. But nothing in the record suggests that Odie's ability "to provide self-care within the environment of a correctional facility" has been substantially diminished because of COVID-19. U.S.S.G. § 1B1.13 cmt. n.1(A). Odie's hypertension is currently being managed with medication in FCI Fort Dix, a facility with zero active COVID-19 cases at the present time. Additionally, although Odie is unable to practice

preventative measures as effectively in custody as he would in home confinement, FCI Fort Dix encourages inmates to wash their hands frequently, wear facial masks, and practice social distancing when feasible. Docket 193 at 15; *see also BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Aug. 26, 2020). Odie can do all those recommendations to some extent. Thus, the court finds that Odie does not satisfy the criteria under U.S.S.G. § 1B1.13 comment note 1(A).

Even assuming Odie's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Odie was found responsible for transporting more than 1.1 kilograms of heroin. Docket 148 ¶ 23. At his sentencing, Odie had a criminal history category of III and was considered an organizer or leader of the offense. *Id.* ¶¶ 8, 34. Additionally, the court previously reduced Odie's sentence. *See* Dockets 173, 175. Odie has only served approximately a third of his 120-months sentence. *See* Docket 186 at 122. Therefore, the court finds that Odie's sentence of 120 months in custody with 8 years of supervised release continues to be appropriate for the seriousness of the crime to which he pleaded guilty.

## CONCLUSION

Odie has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motions for relief under the First Step Act (Dockets 183, 195) are denied.

Dated August 28, 2020.

                                             BY THE COURT:

                                             */s/ Karen E. Schreier*
                                             KAREN E. SCHREIER
                                             UNITED STATES DISTRICT JUDGE