UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFTON CURTIS ODIE,<br>a/k/a Big C, a/k/a Moe Money,<br><br>Defendant. | 4:17-CR-40016-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Clifton Curtis Odie, requests reconsideration of the court's order denying his compassionate release dated August 28, 2020 (Docket 201) and renews his request for relief under 18 U.S.C. § 3582(c)(1)(A)(i). Dockets 203,[1] 209. Plaintiff, the United States of America, opposes the motion. Docket 207. For the following reasons, the court denies Odie compassionate release.

## BACKGROUND

The background of Odie's case was set forth in the court's order dated August 28, 2020. Docket 201. To summarize, on January 3, 2018, Odie was sentenced to 240 months in custody for conspiracy to distribute a controlled

---

[1] Docket 203, which is captioned in *Clifton Odie v. United States of America,* Case No. 4:20-cv-04039-KES, was cross-filed in the instant case. Docket 203 is titled "Motion for Judicial Notice Under Rule 201 on the Report and Recommendation by the Honorable Judge Veronica L. Duffy Date[d] June 25, 2020 and the Fact that COVID-19 Is Now Present in the Building Where Mr. Odie Is Housed." *Id.* The court construes Docket 203, in part, as requesting reconsideration of the order denying compassionate release. Odie's intention to request reconsideration of that order was made clear in his filing on November 3, 2020 (Docket 209) which is partially titled "Emergency Expedited Motion to Reconsider Mr. Odie's Motion for Compassionate Release."

substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 153, 154. Later, the court reduced his sentence to 120 months imprisonment. Docket 175. Odie is incarcerated at Fort Dix Federal Correctional Institution (Fort Dix FCI), a low security institution in New Jersey. Odie is eligible for home confinement on January 19, 2025, and his current anticipated release date is July 19, 2025. Docket 186 at 121-22. Odie is 45 years old.

As documented in his medical records, Odie has health conditions including hypertension, hyperthyroidism, and obesity. *See* Docket 204 at 4, 7, 26. He takes amlodipine to treat his hypertension. *Id.* at 29. He is reportedly 73 inches tall and weighs 232 pounds resulting in a body mass index of 30.6. *Id.* at 7; *see also Adult BMI Calculator*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Jan. 21, 2021). Odie is slightly above the threshold BMI for obesity, which is 30. *Id.*

In support of his request for reconsideration, Odie urges the court to consider that Fort Dix FCI has had a second wave of COVID-19 cases since October 2020, that his medical conditions put him at risk, and that the Bureau of Prisons (BOP) is unable to protect inmates like him or provide them adequate medical care.  Docket 209 at 1-2.  Odie informs the court he tested positive for COVID-19 and claims he did not receive any medical care other than daily monitoring of his vital signs. *Id.* at 2.

The government opposes reconsideration, arguing the court appropriately denied Odie's initial motion for release and he has not provided any

information that demonstrates the court erred. Docket 207 at 2. The government further indicates the court's previous balancing of the 3553(a) factors does not weigh in favor of Odie's release now. *Id.*

## DISCUSSION

The court agrees circumstances have changed since the order denying Odie's initial motion was issued on August 28, 2020. At that time, there were no active COVID-19 cases at Fort Dix FCI, and the historical record showed 37 inmates and six staff had recovered from the condition. Docket 201 at 1-2 (referring to COVID-19 statistics as of August 26, 2020). Since that time, COVID-19 has infiltrated Fort Dix FCI.

For instance, on January 7, 2021, the BOP reported that 724 inmates and 21 staff had active cases of COVID-19, no deaths had occurred, and 526 inmates and 45 staff had recovered. *BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (visited on Jan. 7, 2021). Two-weeks later, on January 21, 2020 those numbers decreased to 120 inmates and 29 staff with active COVID-19 cases, no deaths, and 1308 inmates had recovered. *Id.* (visited on Jan. 21, 2021). Today's statistics indicate 64 active inmate cases, one inmate death, and 1414 inmates have recovered. *Id.* (last visited Jan. 26, 2021). The population at Fort Dix FCI is 2,729 persons. *Id.* https://www.bop.gov/locations/institutions/ftd (last visited Jan. 26, 2021). Assuming inmates only contracted the virus once, this means about 50% of the population at Fort Dix FCI has contracted COVID-19. Despite that high infection rate, only one death has occurred.

3

Odie was one of the individuals who contracted COVID-19. Docket 209 at 2; Docket 204 at 28. On or about October 29, 2020, Odie received a positive test result for the virus causing COVID-19. Docket 204 at 28. He was placed in isolation and his condition was monitored. *Id.* at 23. Initially, on October 30, 2020, his only symptom was recorded as body aches, and he denied having cough, shortness of breath, fatigue, sore throat, diarrhea, headache, loss of taste or smell, nausea or vomiting. *Id.* The next day, he reported experiencing fatigue, body aches, and headache. *Id.* at 21. On one occasion, November 2, 2020, he reported diarrhea, nausea and vomiting. *Id.* at 19. On November 3, 2020, he denied any symptoms. *Id.* at 18. In addition, his temperature was monitored daily from October 20 to November 3, 2020, with results ranging between a low of 96.3 and a high of 98.1. *Id.* at 14. Medical staff at Fort Dix FCI characterized his course as asymptomatic. *See id.* at 28. Overall, it appears to the court Odie's symptoms were at worst mild.

Although Odie has conditions such as slight obesity and hypertension that theoretically may put him at risk for severe illness from COVID-19, that has not been the case. Moreover, since Odie has already had COVID-19, there is little reason for him to be released early now. Much is still unknown about COVID-19. Nonetheless, according to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020) (last visited Jan. 25, 2021).

There is a growing consensus that "people who have had evidence of a

4

prior infection with SARS-CoV-2, the virus that causes COVID-19, appear to have some degree of protection against being reinfected with the virus." *See SARS-CoV-2 Antibodies Can Protect from Reinfection, NCI Study Suggests*, Nat'l Cancer Inst., https://www.cancer.gov/news-events/cancer-current-blog/2020/coronavirus-antibodies-protect-against-future-infection (dated Dec. 21, 2020) (last visited Jan. 25, 2021); *see also Director's Blog—COVID-19 Reinfection: Study of Healthcare Workers Shows COVID-19 Immunity Lasts Many Months*, Nat'l Inst. Health, https://directorsblog.nih.gov/tag/covid-19-reinfection/#.~:text=New findings from a study, the study was conducted. (dated Dec. 8, 2020) (last visited Jan. 25, 2021) (discussing study of England healthcare workers suggesting that "acquired immunity from an initial COVID-19 infection offers protection against reinfection for six months or maybe longer.").

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its Order dated August 28, 2020. Docket 201. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1) 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early.

18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The court finds Odie's current circumstances do not clear the high bar necessary to warrant compassionate release for "extraordinary and compelling" reasons. Furthermore, the court has denied compassionate release under circumstances similar to Odie's. *See United States v. Terrell Maurice Brunston*, 4:18-cr-40145-KES, Docket 68 (D.S.D. May 26, 2020) (denying compassionate release after defendant had confirmed case of COVID-19). In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since Odie's initial motion for release was denied.

## CONCLUSION

Odie has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for reconsideration for compassionate release under the First Step Act (Dockets 203, 209) is denied.

Dated January 26, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE